**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:19-CR-17-HAB |
| | ) | |
| TYSON HUDSON | ) | |

**OPINION AND ORDER**

Defendant Tyson Hudson, a federal prisoner housed at Gilmer FCI in West Virginia has filed a Motion for Reconsideration (ECF No. 84) and a "Supplement" to that motion (ECF No. 87). In his Motion and Supplement, Hudson seeks review of this Court's July 13, 2020, Opinion and Order denying his Petition to Reduce Sentence under the First Step Act. (ECF No. 80). In that Opinion and Order, the Court concluded that the Defendant did not meet the criteria for compassionate release in that he did not demonstrate "extraordinary and compelling reasons" for a sentence reduction and any reduction was inconsistent with the § 3553(a) factors.

While Defendant labels his motion as one for reconsideration, he merely reargues his original reasons for compassionate release. Those reasons were rejected by this Court's July 13, 2020 Opinion and Order. To the extent Defendant's motion contributes anything new to the discussion, it is in the form of Defendant quarrelling with the Court's findings and conclusions regarding the medical treatment he has received while incarcerated, the seriousness of his medical conditions, the court's determination that he has not served a significant portion of his sentence, and its assessment of the § 3553(a) factors – all of which the Court found to weigh against his release.

The Defendant has not offered any new medical data or submitted anything additional in the way of medical evidence to influence a change in the Court's original order. Likewise, a review of the COVID-19 cases at Gilmer FCI as of the date of this Order demonstrates no significant change in the positive cases or deaths at the facility. Finally, the Court reiterates its conclusion with respect to the § 3553(a) factors from its original order:

> …[T]he Court observes that the Defendant has served very little of his 90-month sentence. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. The Defendant has a criminal history of gun and drug offenses as well as a felony conviction for battery of a pregnant woman. (PSR ¶¶ 9–20). The instant offense yielded three firearms belonging to the Defendant, all of which were discovered in his bedroom within a home where drug dealing was suspected and drugs were found. Given these circumstances, the Defendant poses a significant threat to the community as no prior intervention by authorities has curbed his penchant for violating the law. The Court finds that the significant sentence reduction that Defendant seeks would greatly undermine the above statutory purposes of sentencing.

ECF No. 80 at p. 8. Nothing in the Defendant's current filings alters the above findings.

In sum, even if the Court concluded that Defendant met the requirements to support a finding of "extraordinary and compelling circumstances," the Court would not release the Defendant into the community because to do so would pose a danger to the safety of the community and the remaining § 3553 factors weigh heavily against the Defendant's release. *See* U.S.S.G. §1B1.13 and (2).  Defendant's Motion to Reconsider is, therefore, DENIED.

## CONCLUSION

Based on the foregoing, the Defendant's Motion to Reconsider is DENIED. (ECF No. 84). So Ordered on August 26, 2020.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

2