UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:19-CR-17-HAB |
| ) | (1:20-CV-236-HAB) |
| TYSON HUDSON ) | |

**OPINION AND ORDER**

On October 23, 2019, Defendant was sentenced to 90 months' imprisonment following his plea of guilty to a single charge of Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 41). No timely appeal followed.[1] Defendant then filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 75), followed shortly thereafter by an Amended Memorandum of Law in support of his Motion to Vacate. (ECF No. 83). The Government filed its response (ECF No. 89) to which the Defendant replied. (ECF No. 92). After reviewing the issues presented, the briefing, and the procedural history of this case, the Court concludes that one issue presented in Defendant's Motion requires the appointment of counsel and the setting of an evidentiary hearing.

**A.    Background**

On three separate occasions in January and February 2019, a confidential informant (CI) with the Fort Wayne Police Department purchased heroin from an individual of interest in a FWPD investigation. After each of these transactions, law enforcement followed the suspect back to a residence located at 3205 Queen Street in Fort Wayne. A state search warrant was obtained for that residence. The Defendant's indictment in this case flowed from firearms found during the execution of that search warrant.

---

[1] As shall be noted *infra*, the Defendant attempted to file a belated appeal which was denied by the Seventh Circuit Court of Appeals. (ECF No. 56).

Defendant was indicted on March 27, 2019 and retained private counsel, Attorney Marcia Linsky, a seasoned defense attorney who routinely practices before this Court. The Defendant promptly pled guilty to the indictment pursuant to a written plea agreement.

While the Defendant's case was pending, the Supreme Court decided *Rehaif v. United States*, ––– U.S. ––––, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019), which altered the landscape of the Government's burden in a case under § 922(g)(1). In *Rehaif*, the Supreme Court held that the Government was required to prove both that the defendant knew he possessed a firearm, and that defendant knew that he was in a prohibited class (such as being a convicted felon) at the time he possessed the firearm. 139 S. Ct. at 2194. Both these elements were not alleged in the Defendant's indictment.

On October 23, 2019, the Defendant appeared before the court for sentencing. Prior to the beginning of Defendant's sentencing hearing, the Government presented the Defendant with a post-plea waiver of indictment waiving any challenge under *Rehaif*. The Defendant reviewed the waiver with Attorney Linsky and ultimately, signed the agreement. (ECF No. 39). The Court examined the Defendant both on his knowledge of his rights under *Rehaif*, including his right to withdraw his guilty plea, and on the voluntariness of his waiver. The Defendant further acknowledged in both the written document and in his statements to the Court that he knew he was a convicted felon at the time he possessed the firearm. The Court accepted the post-plea waiver and proceeded to impose sentence of 90 months' imprisonment followed by two years of supervised release.

As is the Court's customary practice, near the end of the sentencing hearing the Court advised the Defendant of his appellate rights. The Court specifically advised the Defendant that he could appeal his conviction and must file a Notice of Appeal within 14 days of judgment in his

case. He was further advised that if requested, the Clerk of the Court would file a notice of appeal on his behalf. The Defendant did not make such a request. What occurred next is the subject of some dispute.

Defendant avers several times in his various sworn affidavits that at the conclusion of the sentencing hearing, he requested Attorney Linsky to file a notice of appeal on his behalf. (ECF No. 83-1 at ¶10; ECF No. 92 at ¶1). Defendant has further submitted two letters, one from his mother, Stephanie Hudson, and one from Leslie Sterling, that he contends support his statements that he requested a notice of appeal be filed. (ECF No. 92 at pp. 27–28). Finally, the Defendant avers that he had Danielle Henry, Laquonda Hatch, Ms. Sterling, and Ms. Hudson all contact Attorney Linsky regarding his appeal. (ECF No. 92 at p. 30, ¶14).

For her part, Attorney Linsky does not recall any request from the Defendant to file a notice of appeal, and, as is clear in the record, no timely notice of appeal was filed in the case. The Government has submitted a sworn affidavit from Attorney Linsky (ECF No. 89-2) disputing the Defendant's statements in his affidavits along with a letter dated October 24, 2019, that Attorney Linsky mailed to the Defendant outlining: (1) the time limit for filing an appeal; (2) the fact that the Defendant waived his appellate rights in his plea agreement; and (3) that, in her opinion, no appealable issues exist. (ECF No. 89-1). Additionally, the Government provides email communications from February 4, 2020, between the Defendant and Attorney Linsky. In those email communications, the Defendant writes "I figured you had gotten wind of my desire to appeal my conviction and assumed you filed such notice with the courts because of the message I left with your secretary. Apparently[,] I was wrong." (ECF No. 89-4).

Ultimately, the Defendant requested an extension of time to file an appeal (ECF No. 44), which this Court denied (ECF No. 45). However, the Court directed the Clerk to transmit the

belated Notice of Appeal to the Seventh Circuit. On April 15, 2020, the Seventh Circuit dismissed the appeal as untimely. (ECF No. 56).

**B.     Legal Discussion**

Defendant's present petition along with his amended filing raise numerous issues.  First, he asserts that the decision in *Rehaif* rendered his conviction invalid.  As part and parcel of that assertion, the Defendant argues that Attorney Linsky was ineffective when she did not fully explain the import of the waiver the Defendant signed and acknowledged at sentencing.  Additionally, the Defendant lists a host of other failings of counsel he asserts prejudiced him. Most pertinent, for present purposes, is the Defendant's assertion that counsel was ineffective for failing to file a notice of appeal on his behalf as he requested.

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  In order to proceed on a motion pursuant to § 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  *Id.*  A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal.  *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).  As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313; *see also McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a § 2255 movant may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008).

The Sixth Amendment guarantees criminal defendants "the right ... to have the Assistance of Counsel for [their] defence." The right to counsel includes "'the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). Under *Strickland*, a defendant who claims ineffective assistance of counsel must prove (1) "that counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 687–688, and (2) that any such deficiency was "prejudicial to the defense," *id*., at 692.

"When a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel." *Gant v. United States*, 627 F.3d 677, 681 *(*7th Cir. 2010) (citing *Kafo v. United States,* 467 F.3d 1063, 1069 (7th Cir.2006)). To succeed on such a claim, however, a defendant must show that he actually requested his attorney file an appeal. *Id.;* see also, *Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994) ("'Request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue.").

A district court is not required to provide a hearing for every petitioner who brings a § 2255 motion. However, the court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the ... record[ ] ... conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). This means that "a district court *must* grant an evidentiary hearing when the petitioner

5

alleges facts that, if proven, would entitle him to relief." *Kafo*, 467 F.3d at 1067 (quotation marks omitted). No hearing is required, however, "if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (quotation marks omitted).

A hearing is necessary in this case on the limited issue of whether the Defendant's assertion that counsel was ineffective by failing to file a notice of appeal on his behalf has merit. The Defendant has alleged facts, supported by his own affidavit and notarized statements from two others, that he requested counsel to file an appeal on his behalf. If true, these facts would demonstrate counsel performed deficiently. Of course, these facts are disputed in the record by the Government's evidence, including an affidavit from Attorney Linsky. For this reason, an evidentiary hearing is required for the Court to assess the credibility of the various witnesses. Indeed, at the evidentiary hearing, the district court possesses broad discretion to evaluate the credibility of contradictory testimony and such findings are entitled to "exceptional deference" on review. *Gant*, 627 F.3d at 681-82 (quoting *Tezak v. United States*, 256 F.3d 702, 715-716 (7th Cir. 2001).

The Court also finds that, pursuant to 28 U.S.C. § 2255(g), counsel should be appointed to represent Defendant at the hearing. Accordingly, the Court REFERS this matter to the Northern District of Indiana Federal Community Defenders, Inc., 31 E. Sibley St., Hammond, Indiana 46320 (219-937-8020) for the appointment of counsel to represent the Defendant on the limited issue set forth herein.

The Court will set this matter for further proceedings upon the appearance of counsel for Defendant. All other issues presented in the Defendant's § 2255 petition (ECF No. 75) remain under advisement pending the evidentiary hearing and ruling on that matter.

SO ORDERED on March 25, 2021.

                                                  s/ *Holly A. Brady*
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT